UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CORDNEY SMITH,

    Petitioner,                                                    Civil Action No. 2:12-CV-11036

v.                                                               HON. DENISE PAGE HOOD

DEBRA SCUTT, WARDEN,

    Respondent.
_____/

**OPINION AND ORDER GRANTING PETITIONER'S MOTION TO HOLD THE PETITION FOR WRIT OF HABEAS CORPUS IN ABEYANCE AND ADMINISTRATIVELY CLOSING THE CASE**

Cordney Smith, ("Petitioner"), a state prisoner, has filed a pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  The petition challenges his convictions for assault with intent to commit murder, MICH. COMP. LAWS 750.83,, felon in possession of a firearm, MICH. COMP. LAWS 750.227f, and commission of a felony with a firearm.  MICH. COMP. LAWS 750.227b.  Petitioner has filed a motion to stay the habeas corpus proceeding and hold the petition in abeyance to permit him to return to the state courts to present an additional claim that has not been exhausted with the state courts and that is not included in his current habeas petition.  For the reasons stated below, the Court holds the petition in abeyance and stays the proceedings under the terms outlined in this opinion to permit Petitioner to return to the state courts to exhaust his additional claim.  If this fails, the petition will be dismissed without prejudice.

1

## I. Background

Petitioner was convicted after a jury trial in the Wayne Circuit Court. Petitioner's direct appeal was denied by the Michigan Supreme Court on April 27, 2010. *People v. Smith*, 486 Mich. 900 (2010) (table). A letter attached to the petition from the trial court indicates that it received a motion for relief from judgment on February 22, 2012, and that it is still pending. Petitioner alleges that he first attempted to file the motion on or about July 18, 2011.

On March 8, 2012, Petitioner filed the instant petition for writ of habeas corpus. Before the Court is Petitioner's motion to hold the habeas petition in abeyance so that he can return to the state courts and raise a claim of ineffective assistance of counsel that was not presented to the state courts during his direct appeal.

## II. Discussion

Federal district courts are authorized to stay fully exhausted federal habeas petitions pending the exhaustion of other claims. *Moritz v. Lafler*, No. 2:07-CV-15369, 2008 WL 783751, at *2 (E.D. Mich. Mar. 19, 2008) (citing *Anthony v. Cambra*, 236 F.3d 568, 575 (9th Cir. 2000)). The Sixth Circuit Court of Appeals has advised that it is preferable for a district court to stay proceedings pending exhaustion on a habeas petition, rather than dismissing the petition without prejudice. *Griffin v. Rogers*, 308 F.3d 647, 652, n. 1 (6th Cir. 2002).

In this case, Petitioner requests a stay because he alleges that he would like to raise a claim of ineffective assistance of counsel in light of the fact that his other claims are procedurally defaulted. He apparently has already filed motion for relief from judgment, but as of February 22, 2012, it was still pending in the state trial court.

The Court grants Petitioner's motion to hold the petition in abeyance while he awaits

exhaustion of his claim in the state courts. The outright dismissal of the petition, albeit without prejudice, might result in preclusion of consideration of Petitioner's claims in this Court due to the expiration of the one year statute of limitations contained in the Antiterrorism and Effective Death Penalty Act (AEDPA). *See* 28 U.S.C. § 2244(d)(1). The Court notes that it appears that, at best for Petitioner, nearly the full year elapsed on the limitations period between the time Petitioner's convictions because final after direct review and the date on which he first attempted to file his motion for relief from judgment. Accordingly, it appears that Petitioner has little or no time remaining on the period of limitations.

A common circumstance calling for abating a habeas petition arises, as here, when a Petitioner wishes to include new unexhausted claims to his habeas petition, but the dismissal without prejudice of the first petition would probably result in the second petition being time barred by the AEDPA's statute of limitations. *See Hargrove v. Brigano*, 300 F. 3d 717, 720-21 (6th Cir. 2002). The U.S. Supreme Court, in fact, has suggested that a habeas petitioner who is concerned about the possible effects of his state post-conviction filings on the AEDPA's statute of limitations could file a "protective" petition in federal court and then ask for the petition to be held in abeyance pending the exhaustion of state post-conviction remedies. *See Pace v. DiGuglielmo*, 544 U.S. 408, 416 (2005)(*citing Rhines v. Weber,* 544 U.S. 269, 278 (2005)).

However, even where a district court determines that a stay is appropriate pending exhaustion of state court remedies, the district court "should place reasonable time limits on a petitioner's trip to state court and back." *Rhines*, 544 U.S. at 278. To ensure that there are no delays by Petitioner in exhausting his state court remedies, this Court will impose upon Petitioner time limits within which he must proceed with his state court post-conviction proceedings. *See Palmer*

3

*v. Carlton*, 276 F. 3d 777, 781 (6th Cir. 2002).

The Court holds the petition in abeyance to allow Petitioner to complete post-conviction proceedings in the state courts. This tolling is conditioned upon Petitioner returning to federal court within sixty days of completing the exhaustion of state court post-conviction remedies. *Hargrove*, 300 F. 3d at 721; *See also Geeter v. Bouchard*, 293 F. Supp. 2d 773, 775 (E.D. Mich. 2003).

### III. ORDER

It is **ORDERED** that Petitioner's motion to hold the petition for writ of habeas corpus in abeyance is **GRANTED**. The case will then be held in abeyance pending Petitioner's exhaustion of his new claim. Petitioner shall refile a habeas petition within thirty(30) days after the conclusion of the state court post-conviction proceedings. Petitioner is free at that time to file an amended habeas petition which contains newly exhausted claims.

To avoid administrative difficulties, the Court **ORDERS** the Clerk of Court to **CLOSE** this case for statistical purposes only. Nothing in this order or in the related docket entry shall be considered a dismissal or disposition of this matter. *See Sitto v. Bock*, 207 F. Supp. 2d at 677.

It is further **ORDERED** that upon receipt of a motion to reinstate the habeas petition following exhaustion of state remedies, the Court may order the Clerk to reopen this case for statistical purposes.

Dated: May 10, 2012         s/Denise Page Hood
                            Denise Page Hood
                            United States District Judge

I hereby certify that a copy of the foregoing document was served upon Cordney Smith, 230926, Michigan Reformatory, 1342 West Main Street, Ionia, MI 48846  counsel of record on May 10, 2012, by electronic and/or ordinary mail.

                            s/LaShawn R. Saulsberry
                            Case Manager